**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**THOMAS TAYLOR** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-216-JHM**

**C. MILLS, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff Thomas Taylor filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. [DN 1]. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed and dismiss some claims.

## I.

At the time Plaintiff filed the complaint, he was a pretrial detainee housed at the Louisville Metro Detention Center ("LMDC"). He filed this action against LMDC and LMDC Correctional Officers C. Mills and M. Livingston in their individual and official capacities asserting violations of his Fourth, Eighth, and Fourteenth Amendment rights. [DN 1]. Plaintiff states that on August 13, 2025, he was arrested and transported to LMDC. Plaintiff alleges that upon entry to LMDC, Defendant Mills performed a strip search on Plaintiff "in front of everyone by the door" and with a female correctional officer in the room. Plaintiff represents that Defendant Livingston participated in the search. Plaintiff also asserts that Defendant Mills made inappropriate sexual comments and demeaning comments during the strip search. As a relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. LMDC**

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against LMDC as a claim brought against Louisville Metro Government. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

**B. Official-Capacity Claims and Louisville Metro Government**

Plaintiff sues Defendants in their official capacity. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants are actually against their employer, Louisville Metro Government.

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d

358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any actions stated in the complaint occurred pursuant to a policy or custom implemented or endorsed by Louisville Metro Government. Because the complaint fails to establish a basis of liability against Louisville Metro Government, the constitutional claims against Louisville Metro Government and Defendants in their official capacity must be dismissed for failure to state a claim upon which relief may be granted.

**C. Individual-Capacity Claims**

***1. Eighth Amendment Claim—Unreasonable Search***

To the extent that Plaintiff is claiming that the strip search amounted to cruel and unusual punishment in violation of the Eighth Amendment, his claim fails. "The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime." *Pouncy v. Bush*, No. 1:23-CV-280, 2023 WL 3243476, at *7 (W.D. Mich. May 4, 2023); *see also City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983) ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt."). Because Plaintiff had not been convicted and sentenced at the time of the alleged strip search, his claims under the Eighth Amendment must be dismissed for failure to state a claim upon which relief may be granted.

***2. Fourth and Fourteenth Amendment—Unreasonable Search***

Upon consideration, <u>the Court will allow Plaintiff's § 1983 Fourth and Fourteenth Amendment unreasonable strip search claims to continue against Defendants Mills and Livingston</u>

in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims, his Eighth Amendment claims related to his alleged strip search, and his claims against the LMDC and Louisville Metro Government are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate LMDC as a Defendant to this action.

Date: September 4, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014